**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| GEORGIA SMITH | CIVIL ACTION NO. 06-2381 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| DIALYSIS CLINIC, INC. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment (Record Document 34) filed by Defendant The Stanley Works. Plaintiff Georgia Smith opposed the motion. See Record Document 38. For the reasons which follow, the Motion for Summary Judgment is **DENIED**.

## BACKGROUND

This action arises out of an accident which occurred at the Dialysis Clinic, 1515 N. Hearne Avenue in Shreveport, Louisiana on August 2, 2006. See Complaint, Record Document 1. Plaintiff Georgia Smith alleges that automatic door struck her as she entered the clinic, causing her to fall. She claims damages totaling more than $2.6 million.

Plaintiff alleges, among other theories of liability, that the sliding door and/or its condition created an unreasonably dangerous, unsafe, and hazardous condition; that Defendants had a duty to take reasonable steps to alert Plaintiff, an invitee to the Dialysis Clinic, of such a hazardous and dangerous condition or defect; and that Defendants failed to warn Plaintiff of the existing dangers. (Complaint ¶¶ 10, 11, & 13(b); Record Document 1).

Plaintiff originally sued Dialysis Clinic, Inc. and "The Stanley Works, Inc." After the

case was removed to federal court (Record Documents 3, 5). Movant, responding as "The Stanley Works," ("TSW") filed an answer (Record Document 11) in which it claimed, among other things, that it had been "improperly named [in Plaintiff's Complaint] as The Stanley Works, Inc." It also pled all affirmative defenses enumerated in the Louisiana Product Liability Act ("LPLA"), LA. REV. STAT. ANN. §§ 9:2800.51-2800.59. (Id.)

On October 19, 2007, Smith filed an amended complaint (Record Document 20) adding "Automatic Door Systems a/k/a Stanley Access Technologies, LLC." Plaintiff alleged in the same filing that Automatic Door Systems ("ADS") was responsible for servicing the door, and that Stanley Access Technologies, LLC had subsequently acquired Automatic Door Systems, Inc.

ADS filed a reply on November 8, 2007 (Record Document 27), identifying itself as "Automatic Door Systems, Inc." and claiming, among other things, that it had been improperly named by Plaintiff as "Automatic Door Systems, Inc. a/k/a Stanley Access Technologies."

In an attempt to comply with Local Rule 5.6W and Federal Rule of Civil Procedure 7.1, on May 14, 2008, ADS filed a Corporate Disclosure Statement (Record Document 30) averring that The Stanley Works owned "One Hundred Percent of the stock of Automatic Door Systems, Inc." as of July 31, 2006 (three days before Plaintiff's fall occurred). The Court assumes that TSW has continuously, wholly owned ADS since that date. See LR5.6W ("A party shall supplement the statement within a reasonable time of any relevant change in the information.")

**LAW AND ANALYSIS**

I.  **Summary Judgment Standard**

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Stahl v. Novartis Pharm. Corp., 283 F.3d 254, 263 (5th Cir. 2002). If the movant demonstrates the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Littlefield v. Forney Indep. Sch. Dist., 268 F.3d 275, 282 (5th Cir. 2001). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Alton v. Tex. A&M Univ., 168 F.3d 196, 199 (5th Cir. 1999).[1]

---

[1] Plaintiff's brief incorrectly states that "[t]his court has consistently declared that 'the use of summary judgment is rarely appropriate in negligence or product liability cases, even where the facts are not disputed." Pl.'s Br. at 5, Record Document 38 (citing Trevino v. Yamaha Motor Corp., 882 F.2d 182, 184 (5th Cir. 1989); Miller-Schmidt v. Gastech, Inc. 864 F.2d 1181, 1185 (5th Cir. 1989); Fontenot v. Upjohn Co., 780 F.2d 1190, 1196 (5th Cir. 1986); Davidson v. Stanadyne, 718 F.2d 1334, 1338 (5th Cir. 1983)). For over fifteen years it has been the law in this Circuit that "the nonmoving party's burden is not affected by the type of case; [and that] summary judgment is appropriate in *any* case 'where critical evidence is so weak and tenuous on an essential fact that it could not support a judgment in favor of the non-movant." Little v. Liquid Air

**II.    Discussion**

The Louisiana Products Liability Act "establishes the exclusive theories of liability for manufacturers for damages caused by their products." LA. REV. STAT. ANN. § 9:2800.52 (West 1997); Brown v. R.J. Reynolds Tobacco Co., 52 F.3d 524, 526 (5th Cir.1995); Lewis v. Intermedics Intraocular, Inc., 56 F.3d 703, 706 (5th Cir.1995). A plaintiff may not recover from a manufacturer for damage caused by a product on the basis of any theory of liability not set forth in the LPLA. LA. REV. STAT. ANN. § 9:2800.52 (West 1997). Although "the statutory ways of establishing that a product is unreasonably dangerous are predicated on principles of strict liability, negligence, or warranty, respectively, neither negligence, strict liability, nor breach of express warranty is any longer viable as an independent theory of recovery against a manufacturer." Jefferson v. Lead Indus. Ass'n, Inc., 930 F. Supp. 241, 244-45 (1996).

Plaintiff alleges, and TSW does not appear to dispute, that TSW manufactured the automatic door and some of its component sensors. See Complaint, ¶ 5, Record Document 1; PTO ¶ E.9. As noted above, Plaintiff's only avenue of recovery against TSW as manufacturer of the automatic door system and sensors is through the LPLA. In order to maintain a successful action under the LPLA, a plaintiff must establish: (1) that the defendant is a manufacturer of the product; (2) that the claimant's damage was proximately caused by a characteristic of the product; (3) that this characteristic made the product

---

Corp., 37 F.3d 1069, 1975-76 (citing Armstrong v. City of Dallas, 997 F.2d 62 (5th Cir. 1993) and specifically abrogating Trevino, 882 F.2d at 184-85, and Miller-Schmidt, 864 F.2d at 1185).

Plaintiff's counsel is reminded of his obligation to comply with Federal Rule of Civil Procedure 11(b)(2) and cautioned that if he again cites erroneous law to this Court, he will be subject to sanction.

"unreasonably dangerous"; and (4) that the claimant's damages arose from a reasonably anticipated use of the product by the claimant or someone else. See LA. REV. STAT. ANN. §§ 9:2800.54A (West 1997). Thus, in order to prevail on a products liability claim against TSW, Plaintiff must prove that her fall and damages were caused by an "unreasonably dangerous" characteristic of the automatic door system and/or those sensors manufactured by TSW. She must also demonstrate that her use of the door was "reasonably anticipated."

A product is "unreasonably dangerous" under the LPLA if the product meets at least one of the following criteria:

> (1) The product is unreasonably dangerous in construction or composition as provided in R.S. 9:2800.55; (2) The product is unreasonably dangerous in design as provided in R.S. 9:2800.56; (3) The product is unreasonably dangerous because an adequate warning about the product has not been provided as provided in R.S. 9:2800.57; or (4) The product is unreasonably dangerous because it does not conform to an express warranty of the manufacturer about the product as provided in R.S. 9:2800.58.

LA. REV. STAT. ANN. §§ 9:2800.54B.

TSW moves for summary judgment on the ground that "plaintiff has not produced any evidence that the automatic door in question was defective [in its . . .] design, manufacture, composition, operation, and/or warnings." See Record Document 34. TSW also contends that it was not responsible for the servicing[2] of the automatic door. Id.

---

[2]In its Motion for Summary Judgment and related filings, TSW repeatedly points out that ADS filed an answer correcting its name from "Automatic Door Systems, Inc. a/k/a Stanley Access Technologies, LLC to Automatic Door Systems, Inc." As noted above, ADS's Corporate Disclosure statement indicates that ADS is a wholly owned subsidiary of TSW. See Record Document 30. In view of its finding that TSW is not entitled to summary judgment on Plaintiff's product liability claim and the parties' failure to brief the question of whether Plaintiff may pursue an alternate theory of liability against TSW on the grounds that is ADS's parent corporation, this Court declines to

In support of its motion, TSW attaches the report[3] of Plaintiff's expert, C. Stephen Carr, Ph.D., a practicing electronics and software engineer, engineering manager, member of the American Society of Mechanical Engineers, and certified American Association of Automatic Door Manufacturers pedestrian door inspector. (Record Document 34, Exh. 3). In his report, Dr. Carr noted that component sensors of the door system that struck Plaintiff are "positioned to detect approaching pedestrians and [that] Stanley overhead sensors and a horizontal light beam are positioned to detect the presence of a person on the threshold and in the path of the door," and explained that the "time that the door dwells opened is controlled by an adjustable setting in the control electronics." Id. at ¶¶ 10, 15. He opined that, among other things that: (1) "the sensors intended to detect the presence of a person in the path of the door did not work as intended at the moment Plaintiff was on the threshold on August 2, 2006"; (2) "[i]t is more likely than not that this accident was caused by a setting of insufficient insensitivity on the presence detector and/or too short a dwell time for the doors to remain opened"; and (3) Plaintiff was "injured as a result of the door closing on her which it would not normally do if properly maintained and adjusted" Id. at ¶¶ 17, 18, 20. TSW, as manufacturer, emphasizes the latter point.

Dr. Carr's report, however, stops short of concluding that the automatic door system was not unreasonably dangerous within the meaning of the LPLA. Plaintiff emphasizes Dr.

---

address the question.

[3]At the time TSW filed the instant motion, Dr. Carr's deposition had not been completed due to scheduling conflicts. See Record Document 34. However, TSW represented that Dr. Carr's deposition was scheduled for August 28, 2008, and the pretrial order filed by the parties suggests that Defendants have already deposed Dr. Carr. See id., Record Document 42.

Carr's statement that "the sensors . . . did not work as intended," id. ¶ 17, and argues that, if operating properly, an automatic door would never close on an invitee. Precisely why the automatic door system malfunctioned is an unanswered question at this stage of discovery.

Plainitff also presents the Court with deposition testimony of a Dialysis Clinic employee, Lacinda Burnom, who claims to have witnessed the door malfunctioning prior to the accident–opening erratically and/or refusing to open or close. (Burnom Dep. 28:2-12, 31:23-25, 32:1-25, 33-1-15, Feb. 19, 2008; Record Document 38, Exh.5). Finally, Plaintiff furnishes the Court with her own testimony that she does not remember seeing any signs or writing on the doors as she entered on the morning of the accident. (Smith Dep. 15:23-25, 16:1-16, May 27, 2007; Record Document 38, Exh 6). TSW did not attach to its motion for summary judgment any evidence that warnings regarding the automatic door were issued to Dialysis Clinic invitees or posted on or near the automatic door.

Plaintiff presents the Court with evidence suggesting that the door and/or its components sensors were unreasonably dangerous and that she was damaged as a result. Accordingly, this Court concludes that Plaintiff has demonstrated that genuine, material issues of fact remain with respect to her products liability claim against TSW. Plaintiff retains the opportunity to prove at trial that the door and its component sensors were defective in design, manufacture, construction, composition, operation, and/or warnings.

**CONCLUSION**

Based on the foregoing analysis, the Motion for Summary Judgment (Record Document 34) filed by TSW is **DENIED**. An order consistent with the terms of the instant

Memorandum Ruling shall issue herewith

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 15th day of October, 2008.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　S. MAURICE HICKS, JR.
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE